IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LYNETTA MAE WASHINGTON,#19450-078 § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 4:15cv367 |
| § | | CRIMINAL ACTION NO. 4:12cr175(1) |
| UNITED STATES OF AMERICA § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Movant, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### BACKGROUND

On November 13, 2013, after a plea of guilty, Movant was sentenced to 63 months of imprisonment for her convictions of false, fictitious or fraudulent claims, misuse of social security number, and wire fraud, in violation of 18 U.S.C. § 287, 42 U.S.C. § 408(a)(7)(B), 408(a), and 18 U.S.C. § 1343, respectively. Although she filed a notice of appeal, she ultimately asked the Fifth Circuit Court of Appeals to dismiss the appeal. On February 20, 2014, the Fifth Circuit dismissed the appeal based on Movant's voluntary motion to dismiss, and did not consider the merits of Movant's appeal.

The present motion was filed on May 22, 2015. Movant failed to specify the date that she placed it in the prison mail system. However, she stated that she executed it on May 13, 2015. The

1

motion could not have been mailed prior to that date; thus, the motion is deemed filed on May 13, 2015. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In the motion, Movant claims that she is entitled to relief based on various ineffective assistance of counsel claims. The Government was not ordered to file a Response.

## ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, —U.S. —, 133 S. Ct. 1282, 185 L. Ed.2d 186 (2013); *Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant was sentenced on November 13, 2013. The Fifth Circuit Court of Appeals dismissed the appeal on February 20, 2014, following Movant's motion to voluntary dismiss it. In *Flores v. United States*, 2007 WL 496711, at *3 n. 20 (W.D. Tex. Jan 24, 2007), the United States District Court for the Western District of Texas held that a conviction becomes final on the date the Fifth Circuit dismissed the appeal, although it noted a split in authority. The Northern District of Texas followed the Western District's position, and held that the judgment becomes final when the

appellate court dismissed an appeal per the appellant's voluntary motion to dismiss. *See United States v. Martin*, 2008 WL 4211153, at *4, (N. D. Tex Sept. 12, 2008). This court, likewise, concludes that Movant's conviction became final at the time that the Fifth Circuit Court of Appeals granted Movant's voluntary motion to dismiss. Thus, Movant's conviction became final for purposes of § 2255 on February 20, 2014. *See Plascencia v. United States*, 537 F.3D 385, 390 (5th Cir. 2008);[1] *United States v. Cabrera*, 2005 WL 1422154 (N.D. Tex. 2005) (Not Reported in F. Supp.2d). The present § 2255 motion had to be filed within one year from the date on which the judgment became final; thus, Movant had until February 20, 2015, in which to file her motion. It was not filed until May 13, 2015. Movant filed her § 2255 motion 2 months and 23 days beyond the limitations period.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). However, "[a] habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 648, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The movant bears the

---

[1] The movant in this case, Plascencia, filed a motion for Certificate of Appealability, which was granted. However, on July 23, 2008, the Fifth Circuit affirmed the District Court's decision. *See United States v. Plascencia*, 537 F.3d 385, (5th Cir. 2008).

burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the Movant must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the Movant "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [movant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the movant the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Movant concedes that her motion was not timely filed. She states that the lateness of her motion is due to "extenuating circumstances." She first notes that her counsel

4

withdrew her direct appeal in favor of a Rule 35B motion that was never filed by the Government. However, the motion to withdraw the direct appeal has no effect on the limitations because the one-year period in which to file the § 2255 motion did not start until the Fifth Circuit dismissed her appeal.

Movant also claims that she was without access to "legal paperwork or library" for ten months while "gone on a writ." The court first notes that Movant's claim is conclusory. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Even if Movant had provided evidence of this allegation, she fails to show why she was unable to timely file her motion in the alleged remaining two months.

Movant filed her § 2255 motion 82 days beyond the limitations period. She fails to show "rare and exceptional circumstances." *Davis*, 158 F.3d at 810-11. She fails to show due diligence. *Mathis*, 616 F.3d at 474. Unfamiliarity with the legal process and lack of legal training are insufficient reasons to equitably toll the statute of limitations. *Felder*, 204 F.3d at 173. This motion should be denied.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended

that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a

certificate of appealability as to the claims raised.

## RECOMMENDATION

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 17th day of June, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE